IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LISA SWENSON, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-00056-O |
| | § | |
| CLAY COUNTY MEMORIAL | § | |
| HOSPITAL, *et al.*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR") (ECF No. 38), filed December 5, 2023; Defendant Clay County's Objection (ECF No. 39); filed December 19, 2023; Defendants Clay County Memorial Hospital ("CCMH") and Clay Count Memorial Hospital Foundation's ("Foundation") Response (ECF No. 40), filed January 2, 2023; and Clay County's Reply (ECF No. 43), filed January 16, 2023.

Clay County contends that it is entitled to governmental immunity and is not subject to arbitration.[1] The Court is required to determine whether the County is entitled to governmental immunity before it can compel it to arbitration. *Antonio River Auth. v. Austin Bridge & Rd., L.P.*, 601 S.W.3d 616, 626–28 (Tex. 2020). Here, Plaintiff has pled claims under the Texas Whistleblower Act, which expressly waives liability for a municipal employer who takes adverse action against one of its employees. *University of Texas Med. Branch v. Hohman*, 6 S.W.3d 767, 772 (Tex. App.—Houston [1st Dist.] Nov. 24, 1999) ("The Whistleblower Act contains a waiver of the state's sovereign immunity.") (citing TEX. GOV'T CODE § 554.035). In response, Clay County does not dispute that the Whistle Blower Act waives governmental immunity. Instead,

---
[1] Clay County Obj. 1, ECF No. 39.

Clay County asserts that it is not subject to Plaintiff's Whistleblower Act claim because it is not the Plaintiff's employer.[2] And in turn, requests that the Court adjudicate Clay County's governmental immunity defense before compelling arbitration.

Plaintiff claims that Clay County is her employer because it is undisputed that the county established CCMH and was responsible for selecting CCMH's Board of Managers who had express statutory authority to "generally manage and control the hospital," including employment decisions. Texas Health & Safety Code § 263.046(a)(4). To rebut this argument, Defendant merely asserts that Plaintiff was not an employee of the county because she was not on Clay County's payroll and did not receive a county employee handbook. The Court finds this argument, standing alone, unpersuasive. Clay County has failed to provide sufficient briefing and authorities to demonstrate that it is not Plaintiff's employer.[3] While Plaintiff bears the burden of proving that Clay County waived governmental immunity, Plaintiff has provided evidence that Clay County appears to control CCMH and Clay County has failed to otherwise explain why it is not Plaintiff's employer when Plaintiff works for the entity Clay County created and controls. Accordingly, the Court preliminarily holds that Clay County has waived governmental immunity.[4]

The Court makes this preliminary holding with the hopes of first balancing the issue of

---

[2] Clay County's Mot. to Dismiss 7, ECF 27.

[3] *See id; See* Clay County's Obj., ECF No. 39; *See* Clay County's Reply, ECF No.43. Clay County additionally cites to *Bass v. D.M. Cogdell Memorial Hospital*, 5:08-CV-19-C, 2009 WL 10705347, *3 (N.D. Tex. Oct. 22, 2009); *Roberts v. Titus Cnty. Mem'l Hosp.*, 159 S.W.3d 764, 772 (Tex. App.— Texarkana 2005, pet. denied); *Sharpe v. Mem'l Hosp. of Galveston Cnty.*, 743 S.W.2d 717, 718 (Tex. App.—Houston [1st Dist.] 1987, no writ); *Armstrong v. Lindsay*, 934 S.W.2d 784, 785 (1996); *Howe v. Citizens Memorial Hospital of Victoria County*, 426 S.W.2d 882, 889 (Tex. Civ. App. Corpus Christi 1968), reversed on other grounds 436 S.W.2d 115 (Tex. 1968) as "case law confirming that courts adjudicate employment claims brought by county hospital employees against county hospitals as the named defendant(s)." Clay County's Obj. 12, ECF No. 39. The Court concurs, however, none of these cases stand for the proposition that counties cannot also be deemed the employer of plaintiffs who work at a county hospital.

[4] Clay County also complains that compelling it to arbitration would violate its due process rights because the response deadline to the motion to compel occurred before Clay County appeared. Clay County's Reply 2, ECF No. 43. While this is true, Clay County failed to seek leave to file a late response or express that it opposed arbitration. It was not until Clay County filed its objection that the Court learned that it opposed CCMH's motion to compel. In any event, the Court has reviewed Clay County's objection and reply and believes that the Findings and Conclusions are correct and should be accepted in their entirety.

governmental immunity before complying with the arbitration agreement's broad disputes clause, which makes questions of whether Clay County and the other named Defendants are subject to the arbitration agreement an issue for arbitration. The arbitration agreement in questions provides that the:

> Employer and Employee agree that any claim or dispute between them or against the persons or entities named above, whether related to the employment relationship or otherwise, including those created by practice, common law, court decision, or statute, now existing or created later, including any related to allegations of violation of state or federal statutes related to discrimination, and all disputes about the validity of the arbitration clause, shall be exclusively resolved, utilizing a two-step Alternate Dispute Resolution (ADR) process.

ECF No. 17 EX. A-1. The arbitration agreement also contemplates a joint employment relationship with Defendants stating "[t]he parties further agree that this Agreement shall include all claims and disputes involving Employer's customers and clients, administrative employers, all subsidiaries, affiliates and parent companies and any other person or entity that agreed to this process." *ld.*

This holding is in line with our sister court that recently addressed the same arbitration agreement and held that "[b]ecause the arbitration clause is broad and includes any employer of Plaintiff. . . Defendant Clay County is subject to the arbitration clause —specifically whether it applies to Clay County or not." *Karen Ashley v. Clay County et al.*, Cause No. 5:23-cv-00013-C (N.D. Tex.) (ECF No. 77). The Court agrees with this analysis, and for the reasons stated above, it adopts the Findings, Conclusions, and Recommendation in its entirety.

Clay County may file supplemental briefing explaining why it is not an employer of the Plaintiff by **January 30, 2024**, which, should it do so, the Court will address promptly.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the

Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

It is therefore **ORDERED** that the Court **GRANTS in part** Defendants Clay County Memorial Hospital's and Clay County Memorial Hospital Foundation's Opposed First Amended Motion to Compel Arbitration and Dismiss Litigation (As to Plaintiff's First Amended Complaint) (ECF No. 15) but **STAYS** this case until after the arbitration proceeding concludes. It is further **ORDERED** that the parties shall file a joint status report within thirty days after conclusion of the arbitration proceedings addressing whether the case should be dismissed at that time. The Clerk of Court shall administratively close this case until further order of the Court.

All pending Motions to Dismiss are **DENIED AS MOOT WITHOUT PREJUDICE** to refilling.

**SO ORDERED on this 24th day of January, 2024.**

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**